OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, judgment, stipulation, and warrant of eviction vacated.
Landlord commenced the nonpayment proceeding seeking the total amount of $7,130 in arrears.
On April 26, 1996, the parties, both represented by counsel, entered into a stipulation in open court, whereby the tenant, a recipient of welfare shelter benefits, consented to the issuance of a judgment and warrant against her, the execution of which was to be stayed until August 31, 1996. Landlord, as per his obligation under the stipulation, agreed to waive all rent arrears due from tenant which totaled the aforementioned amount.
On or about August 20, 1996, tenant interposed an order to show cause seeking to vacate the stipulation based upon the grounds of unilateral mistake, mutual mistake, fraud, deception, and intentional misrepresentation of law and fact. Specifically, tenant argued in the court below that landlord’s failure to file an executed W-9 statement with the Department of Social Services (DSS) prevented the release of shelter funds. Moreover, tenant stated that DSS mistakenly informed tenant that an executed W-9 was a mandated prerequisite to the release of shelter funds, and that in any event, the landlord already had a vendor identification number on file with DSS. Finally, tenant, an elderly woman caring for her disabled son, maintained that she feared imminent eviction, and had no choice but to stipulate to the judgment and warrant of eviction.
In opposition to the tenant’s motion, landlord responded that he never signed any documents from DSS, and that the documents proffered by tenant are forged. The court denied tenant’s motion to vacate the stipulation, stating that tenant, who was represented by an attorney, did not establish the existence of a mistake or any other ground upon which to disturb the agreement.
On appeal, tenant argues that the circumstances surrounding the subject stipulation warrant its vacatur. Specifically, it is maintained that the Department of Social Services’ failure to provide correct information regarding the requirement of an executed W-9 form as a prerequisite for the release of rent pay *529 ments, and landlord’s existing vendor identification number, are sufficient grounds to vacate the stipulation.
Tenant maintained from the inception of this proceeding that DSS would pay all rent so long as landlord executed a W-9 form. It was tenant’s understanding, as well as that of her attorney, that the execution of a W-9 form was a prerequisite to the release of rental payments directly to landlord. This fact, however, proved to be incorrect as the supervisor of DSS managing this case stated at the hearing on the motion that the funds would be released without an executed W-9. Moreover, there are documents contained in the record to support tenant’s position that landlord had agreed to accept DSS payments for this tenant. Thus, although tenant was represented by counsel when the stipulation was made in open court, said stipulation was entered into without the full understanding of the facts from the Department of Social Services. Further, there is nothing in the record to indicate that tenant had any control over the series of events which led to the nonpayment proceeding. Quite to the contrary, tenant was paying her rent in a timely manner up until DSS took it upon itself to pay the landlord directly.
With this factual scenario in mind, we find sufficient cause, i.e., mistake, exists to vacate the stipulation (see, Matter of Frutiger, 29 NY2d 143, 150). At the time the parties entered into the stipulation, tenant and her attorney were under the mistaken belief that a W-9 form was required by DSS before rent payments could be made to landlord. Further, at the time of the stipulation, neither tenant nor her attorney was aware of any fact indicating that landlord had a DSS vendor identification number. Despite the fact that landlord and his agents deny ever registering with DSS to accept direct payments, the interests of justice mandate vacatur of the stipulation. This proceeding was brought to collect unpaid rent. The Department of Social Services is ready, willing, and able to pay all arrears to landlord, and, in fact, made an attempt to pay same in June 1996. Thus, since both parties will essentially be restored to their former positions, and there exists a correctable mistake in this matter, we find that the court erred in not vacating the stipulation (Matter of Frutiger, supra; see also, High v Randall, NYLJ, Jan. 8, 1980, at 11, col 4 [App Term, 2d Dept]). To hold otherwise would cause a grave injustice as the tenant is entitled to DSS benefits and her statutorily protected tenancy.
DiPaola, P. J., Collins and Ingrassia, JJ., concur.